## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **CHRISTELA LEWIS** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO.** |
| | § | _____ |
| **NIKE RETAIL SERVICES, INC.** | § | |

## NOTICE OF REMOVAL

Defendant, Nike Retail Services, Inc. ("Nike"), by and through its undersigned counsel, hereby removes the above-captioned action, which is presently docketed in the District Court, Kaufman County, Texas, Cause No. 112695-86, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. As grounds for removal, Nike states:

## INTRODUCTION

1.      Pursuant to 28 U.S.C. § 1441, *et seq.*, this civil action is removed from the 86th District Court of Kaufman County, Texas, where this matter was pending under Cause No. 112695-86 in a matter styled *Christela Lewis vs. Nike Retail Services, Inc.* (the "State Court Action").

## II.      NATURE OF THE SUIT

2.      This is a premises liability lawsuit alleging claims of personal injury resulting from Defendant's alleged actions or inactions. *Plaintiff's Original Petition pp. 2 and 3.*

3.      Plaintiff alleges she was in a squat position and looking at shoes displayed on the shelves when an unknown employee, ran over her and struck her with such force that pushed and trampled her to the ground while shopping at Defendant's store located in Terrell, Kaufman County, Texas. *See Plaintiff's Original Petition p. 2.*

4.      Plaintiff brought her lawsuit against Nike in the 86th District Court of Kaufman County, Texas. *See Plaintiff's Original Petition p. 1.*

### III.    TIMELINESS OF REMOVAL

5.    Plaintiff commenced this lawsuit by filing her Original Petition on December 20, 2022. Defendant Nike Retail Services, Inc. accepted service on January 3, 2023 through its agent, United Agent Group, Inc.. This removal is timely because it is filed less than 30 days after Nike was served. 28 U.S.C. § 1446.

### IV.    BASIS FOR REMOVAL JURISDICTION

6.    Removal is proper under 28 U.S.C. §§ 1441 and 1332 because there is complete diversity of citizenship between Plaintiff and Defendant, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

7.    Plaintiff admits she is a resident of Texas. *Plaintiff's Original Petition p. 1.* Defendant confirmed Plaintiff is a citizen of Texas because Plaintiff has a Texas driver's license.

1.    Plaintiff sued and served Nike Retail Services, Inc. Plaintiff admits in her petition that Nike is an out-of-state corporation. *Id.* Defendant Nike Retail Services, Inc. is a corporation that is organized and existing under the laws of the State of Oregon with its principal place of business at One Bowerman Drive, Beaverton, Oregon 97005-6453.  Nike Retail Services, Inc. is a citizen of Oregon for diversity purposes.

8.    There is and has been at all times relevant to this Notice of Removal, complete diversity of citizenship between Plaintiff and Defendant.

9.    The amount in controversy exceeds the jurisdictional requirement of $75,000, exclusive of interest and costs. Plaintiff alleges she sustained injuries. *See Plaintiff's Original Petition pp. 2 and 3.* Plaintiff seeks damages for alleged medical care and expenses past and future, pain and mental anguish past and future, and impairment past and future,. *Plaintiff's Original Petition p. 3.* Plaintiff pleads relief of $250,000 but not more than $1,000,000. *Plaintiff's Original Petition p. 4.* The sum claimed by Plaintiff should control the evaluation of the amount in

controversy. Facially, the pleadings, injuries and damages exceed $75,000, exclusive of interest and costs.

## V.    THIS NOTICE IS PROCEDURALLY CORRECT

10.    This action may be removed to this Court pursuant to 28 U.S.C. § 1441(b), because Defendant is not a citizen of Texas, the state in which the action was brought. This action is removable to this Court and venue is proper because this United States District Court and the Northern District of Texas embraces the place where the State Court Action was pending. 28 U.S.C. §§ 124(a)(1), 1441(a).

11.    Nike has attached to this Notice of Removal the documents required by 28 U.S.C. § 1446(a) and Local Rule 81.1 as follows:

      A:    Index of all documents filed in the State Court Action.

      B:    Docket Sheet in the State Court Action.

      C:    Copies of all process, pleadings and orders filed in State Court.

      D:    Signed Certificate of Interested Persons.

12.    Nike is filing with the Notice of Removal a completed Civil Cover Sheet, a Supplemental Civil Cover Sheet, and separate Certificate of Interested Persons.

13.    Nike retains the right to supplement the jurisdictional allegations by affidavit, declaration, or otherwise should Plaintiff challenge the allegations in a motion to remand or other filing.

14.    In accordance with 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be given to all parties and to the Clerk of the 86th District Court of Kaufman County, Texas.

15.    Plaintiff has not demanded a jury trial in the State Court Action. Defendant has not demanded a jury trial in the State Action.

16.    Trial has not commenced in the 86th District Court.

## V.    CONCLUSION

17.    Since diversity jurisdiction exists over Plaintiff's claim as set forth in Plaintiff's Original Petition, Defendant desires and is entitled to remove the lawsuit filed in the 86th District Court of Kaufman County, Texas to the United States District Court for the Northern District of Texas, Dallas Division.

**WHEREFORE, PREMISES CONSIDERED**, Defendant Nike Retail Services, Inc., pursuant to and in conformance with the statutory requirements, remove this action from the 86th District Court of Kaufman County, Texas, to this Court.

**Respectfully submitted**,


By:    */s/ Stacy Hoffman Bruce*
        **STACY HOFFMAN BRUCE**
        Texas Bar No. 24036793
        sbruce@cobbmartinez.com

        **COBB MARTINEZ WOODWARD PLLC**
        1700 Pacific Avenue, Suite 3100
        Dallas, Texas 75201
        214.220.5210
        214.220.5299 Fax

        **ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I certify a true and correct copy of this document has been forwarded to the following counsel of record either by e-service, telefax, electronic mail, and/or regular U.S. mail on this 30th day of January, 2023:

Andrew Vrankovic
Ben Abbott & Associates, PLLC
1934 Pendleton Drive
Garland, TX 75041

*/s/ Stacy Hoffman Bruce*
**STACY HOFFMAN BRUCE**